UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven E. Greer,

                        Plaintiff,

      -against-

Tucker Carlson et al.,

                       Defendants.

1:20-cv-05484 (LTS) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

In an Opinion and Order, dated October 14, 2020, this Court granted in part the motion of *pro se* plaintiff, Steven E. Greer ("Plaintiff"), for jurisdictional discovery permitting him to take "limited" and "narrowly circumscribed" discovery by way of interrogatories and document requests to be served upon Defendants Jennifer Strasburg ("Strasberg") and Tucker Carlson ("Carlson"). *See Greer v. Carlson*, No. 20-CV-05484 (LTS) (SDA), 2020 WL 6064167, at *6 (S.D.N.Y. Oct. 14, 2020). On October 30, 2020, Plaintiff, on the one hand, and Strasberg and Carlson, on the other, filed letters with the Court setting forth disputes that had arisen regarding the interrogatories and document requests served by Plaintiff. (*See* Pl.'s 10/30/20 Ltr., ECF No. 95; Defs.' 10/30/20 Ltr., ECF No. 96.) This Order resolves those disputes.

**I.    Strasberg Disputes**

Plaintiff raises two disputes regarding Strasberg, *i.e.*, Interrogatory No. 1 and Document Request No. 7. (*See* Pl.'s 10/30/20 Ltr. at 14.) With respect to Interrogatory No. 1, the Court, in its discretion, modifies the interrogatory to read, as follows:

1

Interrogatory No. 1: Please state your full legal name, and the city and state in the United States, or the city or county in the foreign country, where you currently own properties and live full-time or part-time.[1]

In Document Request No. 7, Plaintiff requests documents regarding "all air flights and train trips made by Strasburg since January 1, 201 [sic]." (*See* Pl.'s 10/30/20 Ltr. at 14.) Strasberg objects to this request on the grounds that "documents concerning [her] travel are irrelevant to the Court's determination of domicile." (Strasberg Doc. Resps., ECF No. 96-4, at 8.) In response, Plaintiff argues that "Strasburg's travel to the U.S. is crucial evidence [he] need[s] to show that she has not abandoned her U.S. domicile." (Pl.'s 10/30/20 Ltr. at PDF 14.) However, Plaintiff already has been provided with the evidence he claims to need in response to Interrogatory No. 7, where Strasberg states: "Since 2013, [Strasberg] has traveled to the United States four times per year, on average. In the last 12 months, [Strasberg] has traveled to the United States once for work and once for leisure." (Strasberg Rog Resps., ECF No. 96-3, at 5.)

In view of foregoing, the Court rejects Document Request No. 7 on the basis that it seeks information that is not proportional to the needs of the case. Strasberg shall not produce documents in response to Document Request No. 7.

---

[1] The Court has removed the request for Strasberg's date of birth because it is not relevant to the issues before the Court. Similarly, in order to protect Strasberg's privacy rights, the Court has removed the request for the street addresses where she lives and owns properties. With respect to the foreign country where Strasberg claims her domicile, what is relevant is whether "she 'abandoned' her initial domicile in the United States for a domicile in the United Kingdom," *Greer*, 2020 WL 6064167, at *6, not the precise address in the foreign country where she lives.

2

II.     **Carlson Disputes**

   A.  **Interrogatories**

The Court addresses each Carlson interrogatory as to which Plaintiff raises a dispute. (*See* Pl.'s 10/30/20 Ltr. at 2-6.) With respect to Interrogatory Nos. 1 through 4 and 14, the Court, in its discretion, modifies them to read, as follows:

Interrogatory No. 1: Please state your full legal name, and the city and state in the United States where you currently live full-time or part-time.[2]

Interrogatory No. 2: In which City is your Maine property located?[3] Why is it not your legal domicile?

Interrogatory No. 3: News reports state that you film your TV show from Maine. When did you begin doing this and when did you stop doing this, if you have stopped?[4]

Interrogatory No. 4: When did you sell your most recent house in the Washington, D.C. area? When did the title to the house transfer?[5]

---

[2] Although Carlson already has provided his date of birth (*see* Carlson Rog Resps., ECF No. 96-1, at 3), the Court has removed the request for his date of birth because it is not relevant to the issues before the Court. Similarly, in order to protect Carlson's privacy rights, the Court has removed the request for street addresses. With respect to Carlson's domicile, what is relevant is whether "he 'abandoned' his initial domicile in Washington, D.C. for a domicile in Florida," *Greer*, 2020 WL 6064167, at *6, not the precise location in Florida where he lives.

[3] The precise address of Carlson's Maine property is not relevant to the jurisdictional issue before the Court.

[4] The Court has removed the questions asking Carlson for a description of "the studio and staff who assist(ed)" him, since those questions are not relevant to the jurisdictional issue before the Court.

[5] The Court has removed the question of when Carlson first purchased a home in the Washington, D.C. area since that question is not relevant to the jurisdictional issue before the Court. With respect to the sale of Carlson's home, the Court notes that Carlson has agreed to produce relevant documents. (*See* Carlson Doc. Resps., ECF No. 96-2, at 8.)

<u>Interrogatory No. 14</u>: Are your designated primary care medical and dental teams now in Florida? Are you still using doctors or dentists in the Washington, D.C. area? Have you obtained new health/dental insurance policies for Florida?[6]

Interrogatory No. 6 asks Carlson to describe the neighborhood where he lives. (Carlson Rog Resps. at 6.) The Court rejects this interrogatory on relevance grounds and Carlson shall not respond to it.

Interrogatory No. 8 requests information regarding Carlson's travel, certain of which plainly is not relevant (*e.g.*, Carlson's "preferred airline(s)" and the airport in Florida he uses). (Carlson Rog Resps. at 7.) In any event, the Court rejects Interrogatory No. 8 and Carlson shall not respond to it, since the Court is directing the production of documents by Carlson in response to Document Request No. 6 (discussed *infra*) that will, in the Court's view, provide Plaintiff with relevant and proportional discovery regarding Carlson's travel.

Interrogatory No. 10 asks Carlson about efforts he has made "to stay hidden in Florida and/or Maine in order to evade protestors" and whether his "presence in Florida and/or Maine [has] been disruptive to [his] community." (Carlson Rog Resps. at 9.) The Court rejects this interrogatory on relevance grounds and Carlson shall not respond to it.

The Court rejects Interrogatory No. 11[7] on the grounds that it contains "rhetorical questions framed as discovery requests." *See Allen-Noll v. Madison Area Tech. Coll*., No. 18-CV-

---

[6] In Plaintiff's letter to the Court, he stated that he "need[ed] to know whether or not [Carlson] truly has health insurance in Florida." (Pl.'s 10/30/20 Ltr. at 6.) The Court notes that Fox News has agreed to produce relevant documents "[r]egarding Mr. Carlson's health insurance and whether it covers him in Florida." (Defs.' 10/30/20 Ltr. at 4.)

[7] Interrogatory No. 11 states: "It is common now for people to work from home due to the pandemic. Also, your job and extended family (i.e. parents, relatives) are all based in New York, DC, and California as opposed to Florida. Why isn't your current location for housing in Florida and/or Maine a mere temporary

00216 (SLC), 2019 WL 1517756, at *7 (W.D. Wis. Apr. 8, 2019). Carlson shall not respond to Interrogatory No. 11.

Interrogatory No. 15 asks Carlson to "detail the most common destinations for [him] when [he] leave[s]" his Florida home. (Carlson Rog Resps. at 11.) The Court rejects this interrogatory on relevance grounds and Carlson shall not respond to it.

### B. Document Requests

The Court addresses each Carlson document request as to which Plaintiff raises a dispute. (*See* Pl.'s 10/30/20 Ltr. at 6-13.) With respect to Document Request Nos. 1, 3, 4, 6, 7 and 8, the Court, in its discretion, modifies them to read, as follows:

Request No. 1: All state-issued IDs owned or held by Tucker Carlson on or after January 1, 2020.[8]

Request No. 3: Documents sufficient to show purchases and/or sales of real property by Carlson since January 1, 2020, and the date on which the title to any such property was transferred.[9]

Request No. 4: Gas and electric bills for Carlson's homes in Florida and Maine from January 1, 2020 through October 1, 2020.[10]

---

existence due to the pandemic? What proof is there (e.g. have you written any op-eds, sent emails, stated as such on your TV show, etc. that essentially state you are giving up on the big city life?) if your intent to stay in Florida and abandon your previous towns of domicile?" (Carlson Rog Resps. at 9.)

[8] Given the jurisdictional issue before the Court, Plaintiff is not entitled to all state-issued IDs held by Carlson since January 1, 2010.

[9] Given the jurisdictional issue before the Court, Plaintiff is not entitled to documents regarding purchases and sales of real property prior to 2020.

[10] Carlson objected to producing any utility bills. (Carlson Doc. Resps. at 9.) However, as noted by Plaintiff (*see* Pl.'s 10/30/20 Ltr. at 14), in response to a similar request directed to Strasberg, she agreed to produce "recent representative utility bills from the United Kingdom." (*See* Strasberg Doc. Resps. at 7.) Carlson may redact the addresses and account numbers from his bills.

Request No. 6: Documents sufficient to show air flights and train trips by Carlson since January 1, 2020 to and from Washington, D.C., Florida and/or Maine.[11]

Request No. 7: Documents sufficient to show automobile and home insurance held by Carlson since January 1, 2020.[12]

Request No. 8: Credit card statements reflecting spending by Carlson in Florida and Maine from January 1, 2020 to October 1, 2020.[13]

The Court rejects Document Request No. 2[14] since it seeks information regarding a time period not at issue (*i.e.*, prior to 2020) and regarding persons not at issue (*i.e.*, Carlson's grown children). With respect to Carlson himself, Plaintiff already has been provided with the relevant information. Carlson shall not produce documents in response to this request.

The Court rejects Document Request No. 5, which seeks documents regarding Carlson's "TV production studio," including a "list of staff who assist him, town permits and applications for permits, third-party production contracts, etc." (Carlson Doc. Resps. at 9.) This request is not relevant or proportional to the needs of the case with respect to the jurisdictional issue before the Court, in light of the information already provided in response to Interrogatory Nos. 3 and 5. Carlson shall not produce documents in response to Document Request No. 5.

---

[11] Given the jurisdictional issue before the Court, Plaintiff is not entitled to documents regarding Carlson's travel prior to 2020. Nor is he entitled to documents regarding travel by Carlson's wife and children.

[12] Given the jurisdictional issue before the Court, Plaintiff is not entitled to documents regarding Carlson's automobile and home insurance prior to 2020.

[13] Given the jurisdictional issue before the Court, Plaintiff is not entitled to credit card statements prior to 2020. Carlson may redact from these statements personally identifiable information, as well as other non-relevant information of a personal or sensitive nature.

[14] Document Request No. 2 asks for documents "concerning all addresses, from the period of January 1, 2010 to November 9, 2020, where Tucker Carlson, his wife, and his children lived and currently live (i.e. where they store personal belongings, sleep, bathe, etc.)." (Carlson Doc. Resps. at 5.)

The Court rejects Document Request No. 10, which seeks documents "concerning local friends, neighbors, or acquaintances with which Tucker Carlson engages in Florida, Maine, or D.C. since January 1, 2019." (Carlson Doc. Resps. at 14.) This request is not proportional to the needs of the case with respect to the jurisdictional issue before the Court. Carlson shall not produce documents in response to Document Request No. 10.

The Court rejects Document Request No. 11, which seeks documents "concerning the names and addresses of Tucker Carlson's and his wife's medical doctors and dentists in any state since January 1, 2019." (Carlson Doc. Resps. at 14-15.) Plaintiff already will be receiving information regarding Carlson's doctors and dentists in response to Interrogatory No. 14. And, again, given the jurisdictional issue before the Court, Plaintiff is not entitled to documents regarding Carlson's doctors and dentists prior to 2020. Carlson shall not produce documents in response to Document Request No. 11.

**SO ORDERED.**

Dated:   New York, New York
         October 31, 2020

_____
STEWART D. AARON
United States Magistrate Judge