UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven E. Greer,

            Plaintiff,

-against-

Tucker Carlson et al.,

            Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/7/2020
```

1:20-cv-05484 (LTS) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pursuant to the Court's Order, dated November 29, 2020 (11/29/20 Order, ECF No. 104, at 6), Carlson's counsel on December 5, 2020 sent an *ex parte* email to my Chambers enclosing for my *in camera* review three redacted statements for clubs located in Florida, *i.e.*, document production page numbers CARLSON0067-69. A copy of the email (without enclosures) is annexed to this Order as Exhibit A.

Based upon my review of the statements submitted to me for *in camera* review, I confirm for the record that production page number CARLSON0068 reflects a beach dues payment for a club in Florida. With respect to production page number CARLSON0067, I confirm for the record that this statement is from a club located in Florida. However, the nature of the single expenditure contained on the statement is not evident from the statement. **Within three days of the date of this Order, Carlson shall file a letter setting forth the nature of the expenditure contained on production page number CARLSON0067, and shall explain how this document "evidence[s] [a] Florida club membership[].**" (*See* Carlson 11/27/20 Ltr., ECF No. 100, at 3.)

With respect to production page number CARLSON0069, it is not clear from the face of the document how it relates to a Florida club membership, although it appears to the Court that the statement somehow may relate to the statement at production page number CARLSON0068, since they share the same P.O. Box number. **In the letter that Carlson is filing within three days of the date of this Order, Carlson also shall set forth the nature of the expenditure made on 5/13/20 that is contained on production page number CARLSON0069, and shall explain how this document "evidence[s] [a] Florida club membership[]."** (*See* Carlson 11/27/20 Ltr. at 3.)

Also pursuant to my November 29 Order (11/29/20 Order at 6), Carlson's counsel included in the December 5 *ex parte* email sent to my chambers for my approval redacted versions of Plaintiff's letters filed at ECF Nos. 101 and 103 (copies of which are annexed to this Order as Exhibits B and C, respectively). The Court has reviewed the redactions and finds that many redactions were made to those letters of information that already is in the public record through Declarations and other documents previously filed by Defendants. (*See, e.g.*, ECF Nos. 48, 67 & 96-1.) **Within seven days of the date of this Order, Carlson's counsel shall resubmit for Court approval newly redacted versions of Plaintiff's letters filed at ECF Nos. 101 and 103 removing the redactions of information that already is in the public record.**

Also in the December 5 *ex parte* email sent to my chambers, Carlson's counsel stated that no redactions are required with respect to Dr. Greer's letter of November 25, 2020 (ECF No. 102). Thus, the Clerk of Court is respectfully requested to remove the seal from ECF No. 102.

**SO ORDERED.**

Dated:     New York, New York
            December 7, 2020

_____
STEWART D. AARON
United States Magistrate Judge

# EXHIBIT A

| | |
|---|---|
| **From:** | Terence McCormick |
| **To:** | Aaron NYSD Chambers |
| **Cc:** | Steve Mintz |
| **Subject:** | Case 1:20-cv-05484-LTS-SDA -- Greer v. Carlson et al - In Camera Submission |
| **Date:** | Saturday, December 05, 2020 2:50:00 PM |
| **Attachments:** | CARLSON0067 - 0069 (unredacted).pdf |
| | November 23 Greer Letter (Redacted).pdf |
| | November 27 Greer Letter (Redacted).pdf |

**CAUTION - EXTERNAL:**

Dear Judge Aaron,

On behalf of Defendant Tucker Carlson, and in compliance with the direction in page 10, paragraph 3, of Your Honor's Order of November 29, 2020 (ECF No. 104), we attach for *in camera* inspection three pages of documents evidencing Mr. Carlson's Florida club memberships (Bates No. Carlson 0067-0069). For the Court's information, please note that the Virginia billing address on these statements (which address was in each case redacted in the versions provided to Dr. Greer), is the address of Mr. Carlson's assistant. This information is supplied confidentially for the Court's *in camera* review.

In compliance with paragraph 6 of the November 29 Order, we further provide for approval redacted versions of the letters dated November 23, 2020 (ECF No. 101) and November 27, 2020 (ECF No. 103). No redactions are required with respect to Dr. Greer's letter of November 25, 2020 (ECF No. 102).

Respectfully submitted,


Terence W. McCormick | Attorney At Law
MINTZ & GOLD LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone:  (212) 696-4848
Facsimile:   (212) 696-1231
mccormick@mintzandgold.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**EXHIBIT B**

**Steven E. Greer, M.D.**
7029 Maidstone Drive
Port Saint Lucie, FL 34986
(212) 945-7252
steve@greerjournal.com

November 23, 2020

**Magistrate Judge Stewart D. Aaron**
United States District Court
Southern District of New York
40 Foley Square New York, NY 10007

Re: *Greer v. Carlson, et al*, Civil Action No. 1:20-cv-05458 (LTS)(SDA)

Dear Judge Aaron:

    I am the *pro se* Plaintiff and am writing this letter to inform Your Honor of Tucker Carlson's refusal to provide credit card documents that were approved by the October 31st order (ECF 97) in footnote 13. The lawyer redacted the entire credit card activity in some pages making it impossible for me to trace Carlson's location (see document response emailed to chambers, pages 40-66).
    The purpose of this evidence is for me to prove that Carlson has, in fact, not been living in ▓▓▓▓ in a manner to satisfy domicile case law definitions, and that he has not abandoned ▓▓▓▓, etc. While Carlson claims in interrogatory responses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is already evidence from other documents that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. I suspect that his lawyers redacted these entire pages of transactions because they will prove my suspicions that he was rarely in ▓▓▓▓ and had not abandoned ▓▓▓▓▓▓▓▓.
    I emailed the lawyers requested less redacted versions and they refused, claiming that the order allowed them to fully redact. However, that is false. Nowhere in footnote 13 or anywhere else does it allow them to black out entire pages with hubris.
    In other problems with their documents, they failed to provide me the other driver's license that I suspect are still in possession of Carlson other than his ▓▓▓▓ license. If my suspicion is correct, then this would be further proof that Carlson has not abandoned ▓▓▓▓, etc. My suspicions are based on common sense, that he had to have held a driver's license in other states until recently and likely did not cancel them, and also on the fact that he has ▓▓▓▓ car insurance recently (see page 38 of document file), which typically requires a ▓▓▓▓ car registration and driver's license. The lawyers claim that no other state-issued licenses exist. If they want to prove that, then they should provide an affidavit.
    Of note, fishing licenses were also requested and allowed. However, Carlson ignored those requests. He claims on TV to be an avid fisherman yet has no ▓▓▓▓ licenses? That is odd and evidence, particularly if he still holds licenses in other states.

1

Finally, for Document Request #9 regarding evidence of belonging to clubs in ▮▮▮▮, Carlson provided yet another fully-redacted document that is of no use to me. I need a version that lets me determine whether this is even a real club membership at all, as opposed to a one-time beach fee.

Regarding the Carlson interrogatory questions, perhaps the most important question to ask, to determine whether or not Carlson has truly abandoned the big cities of DC or New York where normal TV shows are produced, is whether or not Carlson plans to continue to film out of his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. If so, how does he plan to have guests in the studio? For many months, Carlson has had no guest in his studio. This would seem to be untenable.

Therefore, I request permission to ask about this. If Your Honor approves, please provide the form of the question. I propose:

**Supplemental Integratory #1:** "Mr. Carlson, you claim to be domiciled in ▮▮▮▮, which means, among other things, that you have abandoned your former domiciles in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. However, filming from your garage or living room in remote houses by the Everglades or rural ▮▮▮▮ prohibits you from having guests in your studio. Do you agree or dispute this assertion?"

**Supplemental Integratory #1:** "If you plan to somehow build a fully-functioning studio in Florida that would allow for guests, how do you plan on achieving this? Specifically, how would you get guests to make the long travels to ▮▮▮▮, among other production obstacles?"

Regarding other problems with Carlson's interrogatory response, for the second interrogatory, he really dodged the question of, "Why is ▮▮▮▮ not your domicile?" Carlson used the disputed conclusory statement that ▮▮▮▮ is his domicile. What I need to know from Carlson is why is his extensive time ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ not his domicile? Does he pledge under oath to have abandoned it? His lawyers craftily try to dodge this crucial question.

Respectfully,

*Steven Greer*

Steven E. Greer, pro se

2

**EXHIBIT C**

**Steven E. Greer, M.D.**
7029 Maidstone Drive
Port Saint Lucie, FL 34986
(212) 945-7252
steve@greerjournal.com

November 27, 2020

**Magistrate Judge Stewart D. Aaron**
United States District Court
Southern District of New York
40 Foley Square New York, NY 10007

Re: *Greer v. Carlson, et al*, Civil Action No. 1:20-cv-05458 (LTS)(SDA)

Dear Judge Aaron:

    I am the *pro se* Plaintiff and am writing this letter to in reply to the Tucker Carlson objections to supplemental interrogatories (ECF 100). I will address them in the order of their letter.
    Regarding the lawyers' strong objection to me seeing the partially redacted credit card statements so as to learn where Carlson has traveled this year, their argument does not work. Carlson's privacy will not be betrayed if I simply see the date and location of each charge. Mr. Carlson seems to think he is entitled to court secrecy as if he were a CIA agent going before FISA court. That is not the case.
    As mentioned in my first letter, it is crucial for me to detail Carlson's whereabouts this year because I already have evidence that ████████████████████
████████████████████████████████████████. Their elaborate objections to this court-ordered evidence surely seems to support my hunches.
    Regarding Carlson driver's licenses, if he truly has none on his possession, then he can simply so in his interrogatory reply. Why is he wasting the legal fees to object to this?
    Regarding fishing licenses, if Carlson has none anywhere, then he can state so in the interrogatory reply. His lawyers' comments are not admissible and hold no penalty of perjury.
    Regarding the Bates Stamped documents 67-69 that supposedly reply to my questions about any clubs or memberships, those are entirely redacted and I cannot make heads or tails out them. ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████.
    Regarding my supplemental interrogatory #2 asking for details about his TV production from his home, this is crucial information. I have stated that it seems to be a very temporary solution. Therefore, it is evidence that Carlson has not abandoned larger studios in DC or New York. Ergo, he has not abandoned those locations as domiciles. My interrogatory is very simply and broad. I do not ask "details" about how he films (e.g.

1

number of crew, cameras used, etc.). I want to know if he plans to have no guests on the set as a permanent solution.

Regarding my supplemental interrogatory #3, Carlson's motive for leaving DC for remote Florida is perhaps the most crucial piece of this puzzle. It goes straight to the heart of the question of abandonment.

Regarding my supplemental interrogatory #4, they claim it is irrelevant for me to ask if Carlson is actively looking for new houses outside of Florida. This too goes straight to the question of abandonment. It is a simple question.

Regarding my supplemental interrogatory #5, asking whether he still has on his possession active or inactive driver's licenses could not be simpler and less intrusive. Why do they object?'

Regarding my supplemental interrogatory #6, it is also a simple question to ask where he received Mohs cancer surgery on his nose. I highly doubt that he received that in Florida. I am trained in this area of surgery and actually did residency in Miami. I know many plastic surgeons and dermatologists on Park Avenue and in Miami. I have my suspicions about where he received this care, but what is Carlson hiding? Is he concealing that he has, in fact, not changed doctors from his DC or New York domiciles?

Before Carlson and his lawyers object to such straightforward discovery questions, they should have considered this before trying the angle of diversity jurisdiction as an argument for their motion to dismiss. I have actually offered them the chance to drop this entire motion and go straight to the motion on the pleadings. They declined.

On a different matter, I am requesting a brief extension to the deadline for my reply to the motion to dismiss. I have been unable to create my declaration due to the pending discovery matters.

Respectfully,

*Steven Greer*

Steven E. Greer, pro se