UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

STEVEN E. GREER,

      Plaintiff,

  -v-                                                            No. 20 CV 5484-LTS-SDA

TUCKER CARLSON, et al.,

      Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

        On July 14, 2020, pro se Plaintiff Steven Greer ("Plaintiff") commenced this action asserting various claims including copyright infringement, unfair competition, and defamation against several Defendants, including Blake Neff ("Mr. Neff"). (See docket entry nos. 1, 40.) On September 25, 2020, Plaintiff filed a proposed clerk's certificate of default against Mr. Neff, who had not yet appeared in the case at that time. (See docket entry no. 57.) On September 29, 2020, counsel for Mr. Neff filed a notice of appearance followed by a letter to the Court asserting that a default against Mr. Neff would be inappropriate because Mr. Neff was never properly served. (See docket entry nos. 60-61.) That same day, the Clerk of Court issued a certificate of default as to Mr. Neff. (See docket entry no. 65.) On October 2, 2020, Mr. Neff filed a motion to vacate the Clerk's certificate of default. (See docket entry nos. 75-76.) Plaintiff subsequently filed an opposition and Mr. Neff filed a reply in support of his motion. (See docket entry nos. 79, 82.)

        On January 28, 2021, the Court issued an Order adopting Magistrate Judge Aaron's report and recommendation that the Defendants' motion to dismiss for lack of subject

matter jurisdiction be granted but that Plaintiff be granted leave to file a Second Amended Complaint ("SAC"); the Court granted Plaintiff leave to file his SAC by March 1, 2021. (See docket entry no. 133.) Plaintiff timely filed his SAC by March 1, 2021, naming Mr. Neff as a defendant, among others. (See docket entry no. 137.)

"'[A]fter a default has been entered against a defendant, [and] a plaintiff files an amended complaint which becomes operative, the entry of default becomes moot,' and a motion for default judgment based on that default must be denied as moot." Rattray v. Cadavid, No. 17 CIV. 8560 (PGG), 2018 WL 11222583, at *1 (S.D.N.Y. Aug. 31, 2018) (collecting cases); see also Gladstone v. Health Career Acad., No. 3:15-CV-00517 (CSH), 2016 WL 81789, at *2 (D. Conn. Jan. 7, 2016) ("[T]he Court's granting of [p]laintiff's motion to amend her complaint renders moot both her motion for default judgment as well as the Clerk of Court's earlier entry of default . . . In other words, there can be no import to [d]efendants' defaulting as to the initial complaint because the amended complaint supersedes the original and renders it of no legal effect.") (internal quotation marks and citations omitted).

Here, once Plaintiff filed his SAC on March 1, 2021, in which he named Mr. Neff as a defendant, the SAC superseded the Amended Complaint ("AC") as the operative pleading, thereby rendering the entry of default against Mr. Neff on the AC as a legal nullity.

For this reason, Mr. Neff's motion to vacate the Clerk's certificate of default against him is denied as moot. The Clerk of Court is respectfully directed to strike the entry of default against Mr. Neff at docket entry no. 65.

This Memorandum Order resolves docket entry no. 75. This case remains referred to Magistrate Judge Aaron for General Pretrial Management.

SO ORDERED.

Dated: New York, New York
April 30, 2021

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge