UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN E. GREER,<br><br>                      Plaintiff,<br><br>v.<br><br>FOX CORPORATION, FOX NEWS MEDIA, FOX NEWS NETWORK, LLC, LACHLAN MURDOCH, SUZANNE SCOTT, JUSTIN WELLS, BLAKE NEFF, CHARLES GASPARINO, FOX BUSINESS NETWORK, BRIAN JONES, NEWS CORPORATION, DOW JONES, THE WALL STREET JOURNAL, and GERARD BAKER,<br><br>                      Defendants. | No. 1:20-cv-05484 (LTS)(SDA) |

**PARTIAL OBJECTIONS OF THE FOX NEWS DEFENDANTS
AND THE NEWS CORP DEFENDANTS TO REPORT AND
<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

                                            **MINTZ & GOLD LLP**
                                            Steven G. Mintz
                                            Terence W. McCormick
                                            600 Third Avenue, 25th Floor
                                            New York, New York 10016
                                            (212) 696-4848 (t)
                                            (212) 696-1231 (f)
                                            mintz@mintzandgold.com
                                            mccormick@mintzandgold.com

                                            *Attorneys for Fox Corporation, Fox News*
                                            *Media, Fox News Network, LLC, Lachlan*
                                            *Murdoch, Suzanne Scott, Justin Wells,*
                                            *Charles Gasparino, Fox Business Network,*
                                            *Brian Jones, News Corporation, Dow Jones,*
                                            *The Wall Street Journal, and Gerard Baker*

## INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Moving Defendants[1] respectfully submit the following partial Objection to the Report and Recommendation of Hon. Stewart D. Aaron, U.S.M.J., dated June 3, 2021 (the "R&R"), in connection with the Moving Defendants' motion to dismiss Plaintiff Steven E. Greer's Second Amended Complaint, filed March 1, 2021 (ECF No. 137) (the "SAC"), with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## OBJECTION

The R&R correctly recommends that "each of the claims contained in the SAC be dismissed in their entirety." (R&R at 21 n.19). The R&R properly concludes that Dr. Greer's First, Second, Third, and Eighth Causes of Action must be dismissed since they seek to vindicate "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright," and are therefore expressly preempted under section 301 of the Copyright Act.[2] Moreover, the R&R correctly recommends that Dr. Greer not be granted leave to replead those preempted causes of action on the grounds of futility because "[w]here, as here, a plaintiff's claims clearly are preempted by federal law, a court need not grant leave to amend." (R&R at 21-22, citing Myrieckes v.

---

[1] The "Moving Defendants" consist of: Fox Corporation, Fox News Media, Fox News Network, LLC, Lachlan Murdoch, Suzanne Scott, Justin Wells, Charles Gasparino, Fox Business Network, and Brian Jones (the "Fox News Defendants"), and Defendants News Corporation, Dow Jones, *The Wall Street Journal*, and Gerard Baker (the "News Corp Defendants").

[2] As set forth in the R&R, those causes of action for unfair competition, unjust enrichment, "hot news" misappropriation and violation of California Unfair Competition Law § 17200 are all based on the unauthorized copying of Dr. Greer's written works.

Woods, No. 08-cv-04297 (GBD) (THK), 2009 WL 884561, at *7 (S.D.N.Y. Mar. 31, 2009)).

The R&R further concludes that the Fourth, Fifth, Sixth, and Seventh Causes of Action (the claims for defamation, tortious interference with contractual relations, tortious interference with prospective economic advantage, and intentional infliction of emotional distress, or "IIED") should all be dismissed. (R&R at 18-21). However, the Moving Defendants object to the finding in the R&R that Dr. Greer should be given leave to amend his insufficient pleadings. The Moving Defendants respectfully submit that repleading these claims would be futile as well.

In this Court's Order of January 28, 2021, adopting Magistrate Judge Aaron's prior Report and Recommendation to dismiss Dr. Greer's amended complaint (ECF No. 40) for lack of subject matter jurisdiction, the Court previously granted leave to amend subject to the following conditions:

> Accordingly, the motion to dismiss is granted, but Plaintiff is granted leave to file a Second Amended Complaint. Any such amended complaint must be filed by March 1, 2021. The amended complaint will replace the prior complaints, *and therefore must include all allegations upon which Plaintiff intends to rely* and name all parties against whom Plaintiff wishes to maintain suit.

Greer v. Carlson, No. 20-cv-5484 (LTS) (SDA), 2021 WL 293241, at *1 (S.D.N.Y. Jan. 28, 2021) (emphasis supplied).

Despite the Court's instruction, the allegations in the SAC underlying the non-preempted claims remained essentially unchanged from the previously-dismissed amended complaint. The allegations in the SAC relating to the alleged libel in 2013

2

arising out of the News Corp Defendants' instruction to the security desk (SAC ¶¶ 109-122; 407-408)[3], the comments ascribed to Mr. Gasparino (SAC ¶¶ 137-139; 412)[4], and the alleged "blacklisting" were substantively identical to the previously-dismissed pleading, and Dr. Greer's opposition papers did not suggest that he could plead additional facts to support a libel claim. There is therefore every reason to believe that repleading would be an exercise in futility.[5]

By the same token, Dr. Greer did not take advantage of the opportunity the Court afforded him in January to allege *any* identifiable act or statement on the part of *any* defendant to tortiously interfere with Dr. Greer's dealings with *any* third party—other than the addition of wildly speculative allegations that Judge Aaron found insufficient as a matter of law. (R&R at 19, n. 17). The essential allegations underlying the IIED claim were similarly unchanged. There is therefore no reason to believe that Dr. Greer is in any better position to plead sufficient claims now than he was when he filed the SAC in March.

It is well settled that even a pro se litigant should be refused leave to replead when repleading would be futile. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.

---

[3]   The corresponding allegations in the previously dismissed amended complaint are found at ECF Doc. No. 40, ¶¶ 103-113.

[4]   The corresponding allegations in the previously dismissed amended complaint are found at ECF Doc. No. 40, ¶¶ 128-130; 301.

[5]   Indeed, Dr. Greer admitted as much in his letter motion of June 8, 2021 (ECF Doc. No. 161), in which he requested a Rule 16 conference so that he might obtain discovery to find "valuable evidence to support my allegations of defamation, *inter alia*."

3

2000); Harris v. Mills, 478 F. Supp. 2d 544, 548 (S.D.N.Y. 2007), aff'd, 572 F.3d 66 (2d Cir. 2009). Dr. Greer already admits that his allegations "lack much detail." (See Greer Objections to the R&R, ECF No. 166, at p. 6). That basic fact will not change regardless of leave to amend. Dr. Greer has had his chance to replead with particularity, both as a matter of right under Rule 15 and by leave of the Court.  And he was further, explicitly instructed to do so by this Court. He did not. At this point, to avoid a further waste of judicial resources and to give effect to the Court's January directive that Plaintiff include all facts and allegations in his SAC, dismissal now is appropriate.

## CONCLUSION

Upon review pursuant to Rule 72(b), this Court should dismiss the SAC for failure to state a claim pursuant to Rule 12(b)(6), with prejudice and without leave to replead.

Dated:   New York, New York
         June 16, 2021

**MINTZ & GOLD LLP**

By: /s/ Steven G. Mintz
    Steven G. Mintz
    Terence W. McCormick
    600 Third Avenue, 25th Floor
    New York, New York 10016
    Tel: (212) 696-4848
    mintz@mintzandgold.com
    mccormick@mintzandgold.com

*Attorneys for Fox Corporation, Fox News Media, Fox News Network, LLC, Lachlan Murdoch, Suzanne Scott, Justin Wells, Charles Gasparino, Fox Business Network, Brian Jones, News Corporation, Dow Jones, The Wall Street Journal, and Gerard Baker*